**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BEVERLY KAMPSKY and
CHRISTOPHER KAMPSKY,

    Plaintiffs,

v.                                   Case No. 3:23-cv-1216-MMH-PDB

BRADLEY MEESTER, JAMIE
MEESTER, and PHILIP M.
LANCELOT,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Amended Notice of Removal of Cause (Doc. 13; Jurisdictional Response) filed by Bradley Meester and Jamie Meester (collectively "Defendants") on November 6, 2023. On October 16, 2023, Defendants filed a notice removing this case from the Fourth Judicial Circuit in and for Duval County, Florida, to this Court. See Notice of Removal of Cause (Doc. 1; Notice). In the Notice, Defendants invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the "citizenship of all parties are completely diverse and the amount in controversy exceeds the jurisdictional amount." Id. On October 23, 2023, the Court entered a Jurisdictional Order (Doc. 11; Order) inquiring into its subject matter

jurisdiction over the case. In the Order, the Court found that Defendants had failed to "plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)" because the "pleading relies on a refusal to stipulate to establish the amount in controversy." Order at 5. Accordingly, the Court ordered Defendants to provide "sufficient information so that [the Court] can determine whether it has diversity jurisdiction over this action." Id. at 6. In response to the Court's Order, Defendants filed their Jurisdictional Response. Upon review of the Jurisdictional Response, the Court remains unable to conclude that it has subject matter jurisdiction over the instant action. This is so because Defendants again fail to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, see Notice at 1, the value of a plaintiff's claim must exceed the amount-in-controversy threshold of $75,000. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims "a sufficient sum in good faith."

Id. at 807 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).

As significant to this case, however, "the Red Cab Co. 'legal certainty' test gives way" where diversity jurisdiction is invoked based on a claim for indeterminate, unspecified damages. See McKinnon Motors, 329 F.3d at 807; see also McIntosh, 5 F.4th at 1312; Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Doane v. Tele Circuit Network Corp., 852 F. App'x 404, 406 (11th Cir. 2021); Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).[1] Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages she seeks. See Doane, 852 F. App'x 407; see also McKinnon Motors, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim"). Notably, establishing that the amount in controversy exceeds the jurisdictional threshold

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

requires more than a general allegation that damages exceed $75,000. See Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley, 224 F. App'x at 895. Instead, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807. "The additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted). And, "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'" See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4–6 (S.D. Fla. Oct. 15, 2014).[2]

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v.

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312–1313 (finding that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). Additionally, district courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.

Here, Defendants, as the parties invoking the Court's jurisdiction, "bear[] the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present

evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In the Jurisdictional Order, the Court questioned the sufficiency of Defendants' allegations regarding the amount in controversy and provided Defendants with an opportunity to present additional information to make a showing that the value of Plaintiffs' claims exceeds $75,000. Defendants have failed to do so.[3]

In the Jurisdictional Response, Defendants argue that although Plaintiffs have pled unspecified damages, the Court can reasonably conclude from the allegations in the Amended Complaint that the amount in controversy is greater than $75,000. Jurisdictional Response at 7–8. This contention is without merit. In the Amended Complaint, Plaintiffs allege that Mrs. Kampsky "was walking down an exterior stairway" and that "a wooden tread of the stairway was loose . . . causing her to roll her ankle and fall down the stairs[.]" Amended Complaint (Doc. 4 at 2). As a result of the accident, Mrs. Kampsky asserts, among other things, that she has suffered bodily injury, including "an acute trimalleolar ankle fracture," loss of earning and earning capacity, mental

---

[3] The Court's Order also questioned the existence of complete diversity of citizenship as Defendants relied upon Plaintiffs' residency, and not citizenship, to establish the Court's jurisdiction. Notice at 2–3; Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."). Defendants have since rectified this deficiency through the filing of the Jurisdictional Response.

distress, and fear of future injury and surgeries. Id. at 2, 4. As to Mr. Kampsky, he has brought claims for loss of consortium, and explains how he has "lost the companionship, comfort, services, and consortium of his wife[.]" Id. at 9. Plaintiffs provide no information about Mrs. Kampsky's medical treatment or anything else that might shed light on the value of her damages. On these facts, the Court readily concludes that this is not the sort of case where it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum[.]" Roe, 613 F.3d at 1061 (quoting Pretka, 608 F.3d at 754).

Despite having provided no factual information regarding the amount in controversy, Defendants argue that because they have alleged that "the jurisdictional threshold has been met, it is now Plaintiff's burden to shown [sic] it is legally certain her recovery will not exceed this amount, which she has not done." Jurisdictional Response at 9 (citing Dart Cherokee, 574 U.S. at 87). Defendants misconstrue Dart Cherokee's holding. Notably, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee, 574 U.S. at 87 (emphasis added). When the amount in controversy has been questioned, however, the burden is on the defendant "to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." Dudley, 778 F.3d at 913; see also 28 U.S.C. § 1446(c)(2)(B). Here, in the Order, the Court

specifically questioned Defendants' allegations regarding the amount in controversy. Order at 6. As such, the burden is not on Plaintiffs to prove that the amount in controversy is less than $75,000, the burden is on Defendants to show that the amount in controversy is greater than $75,000. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) ("We have held that, in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."). Defendants have failed to meet this burden as they have not attempted to quantify Plaintiffs' damages, nor have they provided any information that would allow the Court to reasonably assume that the amount in controversy has been satisfied. Defendants continued reliance upon the conclusory allegations in Plaintiffs' Amended Complaint is simply insufficient.

Perhaps recognizing the lack of factual support for their contention regarding the amount in controversy, in the Jurisdictional Response Defendants represent that Mrs. Kampsky provided them with documents "wherein [she] claimed a total amount in controversy of One Million Dollars ($1,0000,000.00) [sic] before Plaintiff, Christopher Kampsky, was named as a potential claimant for damages[.]" Jurisdictional Response at 9. Defendants then state that "evidence of a settlement demand in excess of $75,000 may constitute evidence the jurisdictional requirement has been met. This is especially so where the demand contains specific corroborating evidence

reflecting an honest assessment of damages rather than mere posturing." Id. at 9–10 (citation omitted). While Defendants' statement of law is generally accurate, the probative value of a pre-suit demand depends on its content. For example, "[w]hen referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" See Boyd v. State Farm Mut. Auto. Ins. Co., No. 6:15-cv-1965-Orl-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)). If a pre-suit demand letter provides "a reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis." Id. (internal quotation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). In contrast, a demand for a lump sum amount "without the slightest suggestion how in the world the plaintiff[ ] could support such a figure," is considered nothing more than mere posturing. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

Here, Defendants have not even asserted that Mrs. Kampsky actually made a demand in the amount of $1,000,000. More importantly, Defendants

have not provided the Court with the documents Mrs. Kampsky gave them or even a summary of what the documents showed. Consequently, the Court has no way of determining whether the information Mrs. Kampsky provided contains a reasonable and honest assessment of the amount in controversy. The Court therefore finds this representation to be of no assistance in determining whether the amount in controversy in this case exceeds the jurisdictional threshold.

While Defendants opted not to provide the Court with any of the information received from Mrs. Kampsky which would suggest an amount in controversy of $1,000,000, they did attach her interrogatory responses to the Notice and the Jurisdictional Response. See Plaintiff Beverly Kampsky's Answers to Defendants' Bradley Meester and Jamie Meester's Interrogatories (Doc. 1-4; Answer to Interrogatories); Jurisdictional Response at 25. A review of her responses significantly undermines Defendants' contention that a reasonable assessment of Mrs. Kampsky's damages exceeds $75,000, much less reaches $1,000,000. Mrs. Kampsky states that in the two years since her fall she has incurred less than $2,200 in medical bills and has lost only $6,400 in wages, a total of less than $8,600 in monetary damages. Answer to Interrogatories at 3–4. And she provides no information regarding any other damages. These discovery responses do nothing to support a contention that the

amount in controversy in this case is in excess of $75,000.[4] To the extent Defendants invite the Court to aggregate the value of Mr. and Mrs. Kampsky's claims to arrive at an amount in controversy that exceeds $75,000, such an approach would be improper. See Snyder v. Harris, 394 U.S. 332, 335 (1969) (generally, "separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement"); Busby v. Winn & Lovett Miami, Inc., 80 So. 2d 675, 676 (Fla. 1955) (concluding that a

---

[4] Defendants' reliance on the interrogatory responses raises significant questions regarding the timeliness of the removal of this action. In the Notice, Defendants contended that:

> Based on the allegations in Plaintiff's [sic] Amended Complaint this matter was not readily apparent to be removable. Plaintiff did not plead or describe with any specificity the amount of damages sought other than stating they exceeded $50,000[.] However, on October 13, 2023, Plaintiff served Answers to Interrogatories and Responses to Request to Produce and, based on these responses, it is now ascertainable that this case is removable[.] As such, this Notice of Removal is timely, as it is filed on October 16, 2023, within thirty (30) days of receipt by Defendant of Plaintiff's papers wherein it was first ascertained that this case was removable, pursuant to 28 U.S.C. [§] 1446(b)(3).

Notice at 2. Nothing in Mrs. Kampsky's interrogatory answers asserting actual damages of less than $10,000 would have clarified that it was "now ascertainable that this case [was] removable." Id. This is particularly true given the fact that Defendants have asserted that they received information from Mrs. Kampsky claiming an amount in controversy of $1,000,000 before Mr. Kampsky "was named as a potential claimant[.]" Jurisdictional Response at 9. Notably, Plaintiffs filed the Amended Complaint adding Mr. Kampsky's consortium claims on July 27, 2023. See Amended Complaint at 9. Thus, it appears Defendants were in possession of the information on which they now rely since before July of 2023 (and the Kampsky residence on which Defendants incorrectly relied in the Notice was pled in the Amended Complaint as well as listed in the interrogatory answers).While the Court does not remand this action based on the untimeliness of the removal—such a procedural defect is waivable—the Court cautions counsel to be cognizant of the duty of candor to the Court and the requirements of Rule 11 of the Federal Rules of Civil Procedure when considering future removals to this Court.

consortium claim is "separate and distinct" from the injured spouse's personal injury claim).

As a final matter, the Court notes that Defendants appear to suggest that they should be permitted to take discovery to determine whether the amount in controversy requirement is satisfied. Jurisdictional Response at 11. As a fellow District Judge has noted, however, "jurisdictional discovery should be conducted before removal—not after." Mittenthal v. Fla. Panthers Hockey Club, Ltd., 472 F. Supp. 3d 1211, 1225 (S.D. Fla. 2020). Indeed, the fact that discovery may be needed to determine the factual basis on which Plaintiffs base their claims only highlights the fact that Defendants did "not have a factual basis for believing that jurisdiction exists." Lowery, 483 F.3d at 1217. In such an instance, when a defendant "files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements," the "natural consequence . . . is remand to state court." Id. at 1217–18.

For the foregoing reasons, the Court finds that it is not readily apparent from the pleadings that Plaintiffs' claims are greater than $75,000. The Court advised Defendants of the deficiency in their pleading of the amount in controversy and gave them another opportunity to provide the Court with information in support of their position that the amount in controversy has been

satisfied. But Defendants failed to do so. The Court therefore finds it appropriate to remand this case for lack of subject matter jurisdiction.[5]

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of November, 2023.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

---

[5] In state court, Defendants can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendants ascertain that the case is one which is or has become removable, Defendants may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

Lc32
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida